IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1: CR-07-192-02
:
**v.** :
:
**MICHAEL REDD** :

# **M E M O R A N D U M**

I. Background

Before the court is a motion filed by Defendant Michael Redd pursuant to 28 U.S.C. § 2255. Redd alleges that his trial counsel was incompetent, alleging that (1) counsel did not make a good faith effort to discover the facts relevant to his sentencing; (2) counsel should not have caused Defendant to plead guilty to a conspiracy; and (3) the court, at sentencing, relied upon facts not proved at trial or admitted by Defendant. The issues have been briefed and are ripe for disposition.

II. Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by

2

counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (ed cir. 2005). With the above precepts in mind, the claims of Defendant will be addressed.

III.  Discussion

    A. Failure to Properly Investigate

Redd claims that if counsel had properly investigated, he would have argued that Redd had a minor role in the offense.

On May 9, 2007, a two-count Indictment was filed charging Defendant Redd and coconspirators, Malverse D. Giles and Norman Lee Thomas, with distribution and possession with intent to distribute cocaine hydrochloride and fifty grams and more of cocaine base (Count I) on or about May 2, 2007, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and fifty grams and more of cocaine base (Count II) on or about May 2, 2007, in violation of 21 U.S.C. § 846. On November 16, 2007, a one-count Superseding Information was filed charging Redd with conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base, on or about May 2, 2007, in violation of 21 U.S.C. § 846.

On December 6, 2007, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base, and actual distribution, pursuant to a written plea agreement whereby the Government would recommend a three-level reduction for acceptance of responsibility, if warranted, and dismiss any remaining counts following sentencing. This plea

3

bargain enabled Redd to avoid a mandatory minimum sentence of incarceration of ten (10) years, had he been found guilty of the charges in the Indictment.

The investigation leading to the charges identified two apartments in a high rise apartment complex (Executive House in Harrisburg, Pennsylvania), as the location Norman Thomas was utilizing to store, manufacture and package crack cocaine for distribution. The location was described as two apartments joined by an interior common door.

In April 2007, investigators began surveillance operations at Executive House in an effort to document Thomas' activity. On May 2, 2007, investigators observed Thomas and an unidentified black male (later identified by Thomas as Michael Redd) exit the apartment building. Thomas and Redd were followed to the CVS on Market Street where Thomas was observed purchasing baking soda, which is commonly used to change powder cocaine into crack cocaine. Thomas and Redd returned to the apartment building and entered apartment number 915. An hour later, Thomas and Redd exited the apartment and were stopped by investigators. Thomas was found in possession of approximately two ounces of crack cocaine.

Later, on May 2, 2007, a search warrant was executed on apartment numbers 914 and 915. Officers recovered 229 grams of crack cocaine, 429 grams of cocaine hydrochloride, two boxes of baking soda, a digital scale, four crack cocaine pans, a loaded handgun, boxes of ammunition and approximately $85,000 in cash.

Also on May 2, 2007, a search warrant was executed at Redd's apartment (number 605) in the same building. Inside the apartment, officers found a loaded handgun that had been reported stolen and ammunition. The firearm was recovered from a closet. In addition, officers noted that the apartment was "lavishly

furnished," noting there was expensive paintings and sculptures in the apartment and expensive clothing in the closet. It was noted that a lot of the clothing still contained price tags. The prosecutor stated that the items were valued at tens of thousands of dollars.

Redd and Thomas both admitted that Redd was a source of supply of powder cocaine to Thomas, which was converted to crack cocaine.

At the sentencing hearing, defense counsel successfully convinced the court only to consider the drugs recovered from the seizure in apartment number 915. This resulted in a sentence of 108 months which was substantially below the guideline range advocated by the government.

Counsel filed objections to the presentence report. On objection was to the amount of drugs attributable to Redd, another was to the gun enhancement. these objections were essentially resolved in Redd's favor.

It cannot be found that counsel did not have full knowledge of the facts of this case and, through counsel's effort, Redd received a very favorable sentence. Counsel was not ineffective in proposing Redd agree to a favorable plea agreement.

  B. <u>Failure to Object to the Court's Consideration of Evidence Not Admitted by Defendant at Guilty Plea Nor Established Beyond A Reasonable Doubt</u>

As the Government points out in its brief in opposition to Defendant's petition, " 'the court may consider evidence beyond the facts admitted during the guilty plea when fashioning a sentence . . . and does not require the Government to establish at sentencing proof of sentencing facts beyond a reasonable doubt. *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007).' " (Govt's Brief at p. 8.)

5

Thus, on this issue, defense counsel acted appropriately and Redd suffered no prejudice.

### C. Failure to Seek the Application of the Safety Valve Under 18 U.S.C. § 3553(f)

The factors that must be met for the safety valve to apply are:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise . . . and;
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, . . . ."

Title 18 U.S.C. § 3553(f).

It is the Government's contention that Redd did not meet the fifth requirement. Redd's version of his involvement in the case is belied by the evidence. This court made the following finding in justifying the sentence in this case as follows:

> The defendant was involved in a large cocaine trafficking organization. He was on of co-defendant Norman Lee Thomas' sources of cocaine supply, and also a distributor of crack cocaine. The defendant knew that the cocaine hydrochloride he provided Thomas would be converted into crack cocaine. He was present during the "cook" and also helped Thomas package the crack cocaine for resale. The court must look to the nature and circumstances of the offense. I do believe that there is a lot more going on here than the episode or the evidence that was found on a one-time raid of the apartment. And

> this is supported by the fact that defendant has rented an apartment which costs as much as he testified that he earned in a year. He came to Harrisburg allegedly to check on an apartment in which he claims he only came to seven or eight times a month to occupy and check on. I've given him the benefit of the doubt of the gun. I do believe the gun was his and that some of his testimony, much of his testimony, the court does not give credence to. It's a serious offense. In light of his background and his history, this will be an adequate deterrence. The sentence will protect the public. It is hopeful that the defendant will not be a recidivist based on his background and history. The court has a decision to make as to whether to go at the low or high end of the guideline. I believe the high end is necessary because I believe there's a lot more here than he's been involved with other than the episode of May 2, 2007.

(Judgment in a Criminal Case, Statement of Reasons, Section VIII, Additional Facts Justifying the Sentence, at page 4.)

While this court did not accept all of Thomas' testimony, neither did it accept Redd's testimony as it was apparent to the court that Redd did not fully relate to the Government or the court his total involvement in the conspiracy. He would not, therefore, be entitled to the safety valve relief.

Counsel was not incompetent for not requesting this relief. In any event, counsel vigorously espoused for a lower sentence than that called for by the guidelines and which Redd received. Redd has not shown that counsel was incompetent.

An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: June 22, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1: CR-07-192-02**
:
**v.** :
:
**MICHAEL REDD** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) Defendant Redd's motion filed pursuant to 28 U.S.C. § 2255 is dismissed.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                      s/Sylvia H. Rambo
                                      United States District Judge

Dated: June 22, 2009.